```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


GUADALUPE REYES,                  :
                                  :
     Petitioner,                  :
                                  :
V.                                :    PRISONER
                                  :    CASE NO. 3:05cv499 (RNC)
WILLIAM WILLINGHAM and            :
HARLEY G. LAPPIN,¹                :
                                  :
     Respondents.                 :
```

RULING AND ORDER

Petitioner Guadalupe Reyes, a federal inmate, brings this habeas case pursuant to 28 U.S.C. § 2241, challenging the way good time credit is calculated by the Bureau of Prisons (BOP).[2] In accordance with the Second Circuit's recent decision in Sash v. Zenk, 428 F.3d 132 (2d Cir. 2005), the petition is denied.

Good time credit is awarded to federal prisoners pursuant to 18 U.S.C. § 3624(b)(1), which provides:

> [A] prisoner who is serving a term of
> imprisonment of more than 1 year . . . may
> receive credit toward the service of the
> prisoner's sentence, beyond the time served,
> of up to 54 days at the end of each year of
> the prisoner's term of imprisonment,

---

[1] Petitioner named Kathleen Hawk-Sawyer as a respondent. She has been replaced by Harley G. Lappin, who is therefore substituted as a respondent pursuant to Fed. R. Civ. P. 25(d).

[2] A habeas challenge to the calculation of good time credit is properly filed pursuant to § 2241 because calculating good time credit relates to the execution of a sentence. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as . . . computation of a prisoner's sentence by prison officials . . . .").

>           beginning at the end of the first year of the
>           term, subject to determination by the Bureau
>           of Prisons that, during that year, the
>           prisoner has displayed exemplary compliance
>           with institutional disciplinary regulations.

This provision has been interpreted by the BOP to mean that an inmate earns 54 days credit "for each year served."  28 C.F.R. § 523.20.  Applying this interpretation, the BOP calculates good time credit at the end of each year of a person's sentence based on the person's behavior during that year.

Petitioner argues that the BOP's interpretation is incorrect.  In her view, the BOP is obliged to calculate good time credit based on the sentence imposed.  Using this method, a person could get good time credit in advance.

In <u>Sash</u>, the Second Circuit decided that the statute is ambiguous, the BOP's interpretation is entitled to deference under <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), and the BOP's interpretation is reasonable.  <u>See</u> 428 F.3d at 134-38.  In particular, the Court observed that the statute's reference to a prisoner's good behavior "during that year" justifies the calculation of good time credits at the end of each year served.  <u>Id.</u> at 137.  The Second Circuit's decision in <u>Sash</u> is controlling here.

Accordingly, the petition [Doc. #1] and the motion seeking the relief requested in the petition [Doc. #4] are hereby denied.  The Clerk will enter a judgment in favor of the respondents dismissing the case with prejudice.

>           beginning at the end of the first year of the
>           term, subject to determination by the Bureau
>           of Prisons that, during that year, the
>           prisoner has displayed exemplary compliance
>           with institutional disciplinary regulations.

This provision has been interpreted by the BOP to mean that an inmate earns 54 days credit "for each year served."  28 C.F.R. § 523.20.  Applying this interpretation, the BOP calculates good time credit at the end of each year of a person's sentence based on the person's behavior during that year.

Petitioner argues that the BOP's interpretation is incorrect.  In her view, the BOP is obliged to calculate good time credit based on the sentence imposed.  Using this method, a person could get good time credit in advance.

In <u>Sash</u>, the Second Circuit decided that the statute is ambiguous, the BOP's interpretation is entitled to deference under <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), and the BOP's interpretation is reasonable.  <u>See</u> 428 F.3d at 134-38.  In particular, the Court observed that the statute's reference to a prisoner's good behavior "during that year" justifies the calculation of good time credits at the end of each year served.  <u>Id.</u> at 137.  The Second Circuit's decision in <u>Sash</u> is controlling here.

Accordingly, the petition [Doc. #1] and the motion seeking the relief requested in the petition [Doc. #4] are hereby denied.  The Clerk will enter a judgment in favor of the respondents dismissing the case with prejudice.

>           beginning at the end of the first year of the
>           term, subject to determination by the Bureau
>           of Prisons that, during that year, the
>           prisoner has displayed exemplary compliance
>           with institutional disciplinary regulations.

This provision has been interpreted by the BOP to mean that an inmate earns 54 days credit "for each year served."  28 C.F.R. § 523.20.  Applying this interpretation, the BOP calculates good time credit at the end of each year of a person's sentence based on the person's behavior during that year.

Petitioner argues that the BOP's interpretation is incorrect.  In her view, the BOP is obliged to calculate good time credit based on the sentence imposed.  Using this method, a person could get good time credit in advance.

In <u>Sash</u>, the Second Circuit decided that the statute is ambiguous, the BOP's interpretation is entitled to deference under <u>Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837 (1984), and the BOP's interpretation is reasonable.  <u>See</u> 428 F.3d at 134-38.  In particular, the Court observed that the statute's reference to a prisoner's good behavior "during that year" justifies the calculation of good time credits at the end of each year served.  <u>Id.</u> at 137.  The Second Circuit's decision in <u>Sash</u> is controlling here.

Accordingly, the petition [Doc. #1] and the motion seeking the relief requested in the petition [Doc. #4] are hereby denied.  The Clerk will enter a judgment in favor of the respondents dismissing the case with prejudice.

So ordered.

Dated at Hartford, Connecticut this 23rd day of December 2005.

```
            _____/s/_____
                   Robert N. Chatigny
                United States District Judge
```